

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

      Plaintiff,

 -against-

JENNIE BROWN, BENIGNA CARIDES, ASSET
ACCEPTANCE, LLC, STATE OF NEW YORK,
NEW YORK CITY PARKING VIOLATIONS
BUREAU, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, and JOHN DOE 1
THROUGH JOHN DOE 12, *the last twelve names
being fictitious and unknown to Plaintiff, the persons
or parties intended being the tenants, occupants,
person or corporations, if any, having or claiming
interest upon the premises described in the
Complaint,*

      Defendants.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

11-CV-365 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

  On January 25, 2011, Plaintiff Eastern Savings Bank, FSB ("Eastern Savings Bank"), a Maryland corporation, filed this mortgage foreclosure action against various New York Defendants, including the State of New York. (Compl. (Docket Entry # 1).) Eastern Savings Bank alleges that this action is properly in federal court because the court possesses diversity jurisdiction over its action. But a brief review of the Complaint shows that the court, in fact, lacks diversity jurisdiction. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) (stating that district courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte.")

  It has been the rule—for 117 years—that the inclusion of a State as a Defendant destroys diversity jurisdiction. Postal Tel. Cable Co. v. State of Alabama, 155 U.S. 482, 487 (1894). This

1

is because diversity suits are limited to "citizens of different States," 28 U.S.C. § 1332(a)(1), and "[a] state is not a citizen of a state." Postal Tel. Cable, 155 U.S. at 487. In these intervening 117 years, numerous cases have dismissed similar lawsuits against State defendants. See Hoffman v. Connecticut, 671 F. Supp. 2d 166, 169-70 (D. Me. 2009) (collecting cases). This rule should be familiar to Eastern Savings Bank because this is not the first time it has been chastised, in this court, for improperly asserting diversity jurisdiction where it named the State of New York and her agencies as defendants. See Eastern Sav. Bank v. Walker, No. 11 Civ. 0798 (BMC), 2011 WL 1227779 (E.D.N.Y. Apr. 1, 2011).

Where there is no other basis for subject matter jurisdiction but diversity, and where complete diversity is lacking, the court lacks jurisdiction over the entire action—not just those claims against the nondiverse defendants. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). Because Eastern Savings Bank's Complaint, on its face, demonstrates that the court lacks jurisdiction over this action, the court dismisses this case in its entirety.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      August _3_, 2011

NICHOLAS G. GARAUFIS
United States District Judge